UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                              )
                                                   )
RENATE L. WALLACE,                                 )    Case No.:  09-bk-594
                                                   )
        Debtor.                                    )    Chapter 7
                                                   )
_____            )


**DEBTOR'S MOTION FOR CONTEMPT AND
SANCTIONS AGAINST INDYMAC FEDERAL BANK, FSB
AND ITS AFFILIATE INDYMAC MORTGAGE SERVICES**

Debtor, Renate L. Wallace, moves the Court for a finding of contempt and for the imposition of sanctions, both compensatory and punitive, against IndyMac Federal Bank, FSB and its affiliate, IndyMac Mortgage Services, a division of OneWest Bank, FSB (collectively, "IndyMac"), for violation of this Court's discharge order and the discharge injunction of 11 U.S.C. § 524, and in support of the motion states:

1.  On January 30, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.  As of the Petition Date, the Debtor was the owner of the property located at 14712 Stacey Road, Jacksonville, Florida, which property was encumbered by a mortgage in favor of IndyMac.  IndyMac was listed was listed as a creditor in the Debtor's schedules and was provided with a notice of the commencement of the Chapter 7 case.

3.  The Debtor's discharge was entered May 27, 2009, and was furnished to all creditors and parties in interest, including IndyMac [Docket No. 17].

4. On June 10, 2009, IndyMac filed a motion for relief from automatic stay [Docket No. 19] to foreclose its mortgages and security interests in the Stacey Road property. Because the stay relief motion was filed after the debtor had already been discharged, IndyMac's motion for relief from stay was denied [Docket No. 20].

5. IndyMac's filing of the stay relief motion affirmatively establishes, however, its knowledge of the commencement of this Chapter 7 case. Despite notice of the bankruptcy filing and the subsequent discharge, however, IndyMac has continued to bill the Debtor for the sums which it claims are due under the mortgage.

6. On December 2, 2009, IndyMac sent the billing statement, attached hereto as **Exhibit A**, to the Debtor. Recognizing that there could be a glitch in IndyMac's automated billing system, the undersigned wrote IndyMac at the address specified in the billing letter and again informed IndyMac of the bankruptcy filing. A copy of that letter is attached hereto as **Exhibit B**.

7. Notwithstanding the aforementioned letters, IndyMac continued to bill and harass the Debtor for collection of the debt. On April 20, 2010, IndyMac sent a demand letter to the Debtor. A copy of the April 20, 2010 letter is attached hereto as **Exhibit C**. A second cease and desist letter was thereafter sent to IndyMac, a copy of which is attached as **Exhibit D**.

8. Despite notice of active participation in the Chapter 7 case, and despite multiple requests, IndyMac continues to harass and threaten the Debtor in an attempt to collect the prepetition debt owed with respect to the Stacey Road Property. Those collection efforts include threatening phone calls, the most recent of which occurred last week. Such

willful and knowing conduct constitutes a clear violation of 11 U.S.C. § 362(k) and the discharge injunction of § 524.

9. Mrs. Wallace is an elderly woman, and is susceptible and vulnerable to extraordinary stress as a result of IndyMac's improper conduct.

10. Debtor has incurred damages, including attorney fees and costs incurred in bringing this motion. IndyMac should be responsible for payment of all such fees and costs as compensatory damages.

WHEREFORE, the Debtor requests the entry of an order (i) finding IndyMac in contempt for violation of the discharge order, (ii) awarding damages, both compensatory and punitive, plus all attorney fees and costs incurred in bringing this action, against IndyMac for violation of the discharge order and injunction, and (iii)such other relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

By */s/ Richard R. Thames*
Richard R. Thames

Florida Bar No. 0718459
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 Facsimile
rthames@stmlaw.net

Attorneys for Renate L. Wallace

**Certificate of Service**

I hereby certify on May 10, 2010, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Blvd., Room 620, Orlando, Florida 32802. A copy of this motion was also furnished by mail to IndyMac Federal Bank FSB, c/o Peter W. Kelly, Esq., Florida Default Law Group, P.L., Post Office Box 25018, Tampa, Florida 33622-5018, and IndyMac Financial Services, c/o Corporation Service Company, Its Registered Agent, 1201 Hays Street, Tallahassee, Florida 32301.

*/s/ Richard R. Thames*

Attorney

78271